**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DOROTHY M. DUVALL,

    Defendant-Appellant.

No. 98-1135
(D.C. No. 97-CR-271-B)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

Defendant Dorothy M. Duvall appeals from her conviction for one count of making a false statement to and concealing a material fact from the Social Security Administration in violation of 18 U.S.C. § 1001. [1] Defendant claims: (1) admission of other "bad act evidence" violated her right to due process because it

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

was impermissible under Federal Rule of Evidence 404(b); (2) the evidence was insufficient to sustain her conviction because the government was unable to prove one of the two false statements it alleged defendant made; and (3) the trial court erred by allowing the government to introduce irrelevant evidence concerning what happened to monies obtained by the false application. Our jurisdiction arises under 28 U.S.C. § 1291. Finding no error, we affirm.

I

In determining whether evidence is sufficient to sustain defendant's conviction, we review the evidence, and the reasonable inferences to be drawn therefrom, in a light most favorable to the government. *See United States v. Voss*, 82 F.3d 1521, 1524-25 (10th Cir. 1996). We review questions concerning admission of evidence under an abuse of discretion standard, disturbing the district court's ruling only on a showing that it was based on "a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

II

In September 1992 defendant applied for child's insurance benefits under the Social Security Act on behalf of her fifteen-year old daughter, Laura Boyer. Jacquelin Casias, an employee with the Social Security Administration, testified

at trial that defendant represented to her that (1) there was no other legal representative, guardian, or conservator of Laura other than defendant, and (2) that Laura was living in the same household with defendant. *See* Rec. Vol. II at 32-34. Ms. Casias filled out the application according to the answers defendant gave her, *see id.* at 34, and defendant was instructed to read the completed application, make any corrections, and to sign and date it, which she did. *See id.* at 42. In fact, defendant's right to custody of Laura had been terminated in 1985 and it is undisputed that Laura had not lived with defendant since that date. *See id.* at 80-81. Defendant received benefits as the representative payee for Laura until 1995, when Laura went to the Social Security Administration and asked to be made the direct payee of the benefits. *See id.* at 88. Defendant was then charged with the count of making false statements to receive Laura's benefits.

### III

At trial, when the government's attorney began to elicit testimony from Laura that she was taken away from defendant's custody in 1985 following a dependency and neglect hearing, defendant objected to the admission of that evidence on the basis of relevance. *See id.* at 76; Fed. R. Evid. 402. The government argued that the fact that Laura was not in her mother's custody after 1985 was material to disprove defendant's statement that Laura was living with defendant at the time of the application. The government also argued that the fact

that Laura's custody was changed on a finding of abuse was a relevant concealment of fact. *See* Rec. Vol. II at 77. The court ruled that, while the fact of loss of custody was relevant and material, the detail of the asserted abusive relationship would be unfairly prejudicial, and instructed Laura not to testify as to such details. *See id.* at 77, 79-80.

Now, defendant changes the basis of her objection to Rule 404(b) of the Federal Rules of Evidence, which provides that "[e]vidence of other . . . wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Because Defendant did not make this objection at trial, we review for "plain error." *See United States v. Mendoza-Salgado*, 964 F.2d 993, 1008 (10th Cir. 1992).

In general, Rule 404(b) excludes evidence meant to prove a defendant acted in conformity with her prior "bad acts." Evidence that Laura was taken from defendant's custody after a dependency and neglect hearing is not evidence of a "prior bad act" by defendant that would be precluded by Rule 404(b), thus we reject appellant's argument.

We next address appellant's second evidentiary challenge. Before trial defendant objected, for lack of relevance, to introduction of an exhibit that purported to prove defendant's alleged misuse of the monies she obtained as Laura's representative payee. Offer of the exhibit was rejected. *See* Rec. Vol. II

at 10-11. On direct examination of Laura, the government attempted to elicit testimony tracking the benefits. The court, sua sponte, warned the government that it was "crossing the line" and instructed counsel that such testimony could only be garnered on rebuttal. *See id.* at 87. On cross-examination, defendant proceeded to elicit testimony that defendant had shown Laura a joint bank account in her name containing more than $20,000; that defendant was holding the money for Laura's benefit; and that defendant had expressed a desire to conserve or save the money. *See id.* at 93-94. On redirect, the government then pursued testimony about whether Laura had ever received the money. The court overruled a defense objection to such line of questions, holding that defendant had "opened the door." *Id.* at 95. "Admission of rebuttal evidence, particularly when Defendant 'opens the door' to the subject matter, is within the sound discretion of the district court." *United States v. Burch*, 153 F.3d 1140, 1144 (10th Cir. 1998). Under the circumstances, we cannot say that the district court abused its discretion in admitting the rebuttal testimony.

IV

The grand jury indictment charges that defendant falsely "stated there was no legal representative for [Laura]." Rec. Vol. I, Doc. 1 at 1. We are handicapped in determining whether defendant made such a false statement, in that the parties did not provide this court with any exhibits, let alone the

application.  We learn from the transcript, however, that question number five on the application, to which appellant responded in the negative, inquired:  "Is there a legal representative, guardian, conservator of the child?"     *Id.* Vol. II at 32.

There is a dispute as to the circumstances under which question five was answered in the negative.  Ms. Casias testified that question five raised the custody issue--whether the child was living with the person who had legal custody.  *See id.*   On cross-examination, Ms. Casias testified that, regarding question five, always her practice was to question applicants as to whether another person had custody of the child for whom the application was being made.  *See id.*  at 51.

Defendant, on the other hand, testified that she understood question five to inquire whether a lawyer was representing Laura, and that Ms. Casias did not explain what a legal representative was.     *See id.*  Vol. III at 193.  Defendant argues that because the government failed to present evidence identifying Laura's "legal representative" in the state legal proceedings, and because the Uniform Dissolution of Marriage Act requires a child's "legal representative" to be an attorney, the government did not present sufficient evidence to prove that defendant lied when she answered question five in the negative.  We disagree.  Ms. Casias' testimony that she always explained to applicants that the question regarding "legal representative, guardian, or conservator" asked whether another

-6-

person had custody of the child is sufficient evidence to sustain a jury determination.

AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge